**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | **CASE NO: 2:24-cr-60-001** |
| **v.** | : | **CHIEF JUDGE SARAH MORRISON** |
| **NICHOLAS P. DUTY,** | : | |
| **Defendant.** | : | |

## SENTENCING MEMORANDUM ON BEHALF OF NICHOLAS P. DUTY

Defendant, Nicholas P. Duty, hereby submits the following Sentencing Memorandum for this Court's review and consideration. The purpose of the Sentencing Memorandum is not to minimize or excuse Mr. Duty's involvement, or his acknowledgement and acceptance of his responsibility. Rather, it is to provide context and to assist this Honorable Court in fashioning a sentence it deems appropriate.

### A. PROCEDURAL HISTORY

On April 18, 2024, an Indictment was filed against the Defendant with two counts. Both counts involved Falsification of Police Department records in violation of 18 USC §1519. (ECF No. 4, Indictment).

On January 7, 2025, a Plea Agreement was filed whereby the parties agreed to an 11(c)(1)(C) Plea Agreement which contemplates a range of 18 months to 48 months. (ECF No. 21, Plea Agreement). On January 2, 2025, Mr. Duty pleaded guilty to counts one and two of the Indictment.

An initial Pre-Sentence Investigation Report (PSR) was prepared (ECF No. 30, PSR, PageID#66-88), and the final PSR was prepared and filed on April 16, 2025. (ECF No. 31, PSR,

PageID#89-113) and this matter is now scheduled for sentencing on June 10, 2025. (ECF No. 32, PSR, PageID#113).

### B. OBJECTIONS TO PRESENTENCE INVSTIGATION REPORT

Defense Counsel has no objections to the PSR, and it is Defense Counsel's understanding that there are no objections from the Government either.

### C. LAW APPLICABLE TO SENTENCING DECISION

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court found that the Sentencing Guidelines are but one of many factors for this Court to consider in determining an appropriate sentence. That means that the judge, at sentencing, is obligated to impose a sentence which is "sufficient, but not greater than necessary" to achieve the broad social purposes of sentencing described in 18 U.S.C. § 3553(a)(2).

In determining whether a sentence is minimally sufficient to comply with the § 3553(a)(2) purposes of sentencing, the court must consider several factors listed in § 3553(a)(1)–(7), which are outlined below. *Rita v. United States*, 551 U.S. 338, 347–48 (2007). The weight to be accorded each factor is a matter for the Court to determine in its sole discretion;[1] however, a sentence must be "reasonable" and the Court "must make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 46, 50 (2007). If "reasonableness" was equated with a Guideline sentence, such a standard "would effectively reinstitute mandatory adherence to the Guidelines" that was condemned in *Booker*. *United States v. Webb*, 403 F.3d 373, 385 n.9 (6th Cir. 2005). Thus, reasonableness is when a judge considers the PSR, the Guidelines, the § 3553(a) factors, and arguments from the prosecution and defense regarding the appropriate sentence. *See Rita*, 551 U.S. at 351.

2

The *Booker* decision also allows this Court to consider factors which the Guidelines previously precluded a court from considering, such as a defendant's age, education and vocational kills, mental and emotional condition, physical condition, family ties and responsibilities, socioeconomic status and any other factors that make each human being and each case unique. *United States v. Ranum*, 353 F. Supp. 2d 984, 986 (E.D. Wis. 2005). 18 U.S.C. § 3661 also specifies that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

**D. FACTORS RELEVANT TO SENTENCING DECISION**

**(a)(1) Nature and circumstances of the offense and the history and characteristics of the defendant.**

The **nature and circumstances of the offense** are stated in paragraphs 9 to 19 in the PSR. (ECF No. 31, PSR ¶¶ 9-19, PageID#92-95). Defense counsel directs this Honorable Court to the Plea Agreement. The parties have agreed to a potential sentence of no less than 18 months and no more than 48 months. The parties have also agreed that the Government can argue from the statement of facts or course of conduct, even though Mr. Duty did not plead to a charge for some of the course of conduct.

Nicholas accepted responsibility for his actions by entering into a Plea Agreement and through his discussions with the Assistant U.S. Attorneys and with the USPO. All parties signed a Plea Agreement that contemplated a sentencing range of imprisonment between 18 months and 48 months.

The **history and characteristics of this defendant** are important for this Court's consideration and are well laid-out in the PSR. (ECF No. 31, PSR ¶¶47-74, PageID#99–104).

1. *History and Characteristics of the Defendant*

3

Nicholas Duty is 35 years old as he was born in Columbus Ohio on April 2, 1989.  He is the son of Paul Duty who is 62 years old and Joyce Duty who is 59 years old. Paul worked for Franklin International since the 1990s, and Joyce is a registered nurse. For all intents and purposes, Nicholas lived in a caring and supportive family setting. He has two younger brothers ages 32 and 29. He also has a sister who unfortunately died at the age of 19 from a drug overdose. Apparently, the drug usage by his sister was due to abuse she suffered earlier in life. He was raised in a disciplined household, with a focus on success academically and in extracurricular activities. The family regularly attended church, and he did not witness any drug usage or alcohol abuse.

In 2010, Nicholas married Stephanie Duty who is 36 years old. They have two children together: Mason who is 12 years old, and Annabelle who is 11 years old. Stephanie is a registered nurse at Grant Medical Center. They divorced in 2018. Prior to his arrest, Nicholas had shared parenting with his ex-wife where time with their children was evenly split, and they had a semi-amicable relationship. In 2018, Nicholas married Amber Duty who is 33 years old and was a Columbus Police Officer for a short time. Unfortunately, their relationship was toxic mainly stemming from Nicholas's infidelity issues and sexual addictions. During their marriage, they would have alcohol-fueled arguments that at times became aggressive.

2. *Physical Condition/Mental Health*

Nicholas is a healthy individual in terms of physical condition. He has had two minor surgeries, and he does not take any medications, nor does he have any physical limitations.

It is clear based on this situation as well as conversations with Nicholas that he has a sex addiction. He has been unable to remain faithful to any partners, as his addiction took control of his life. His only focus was how to get his next "fix" – what and how to make sexual advances with females, particularly those with known vulnerabilities. He would pay for these sexual acts

4

and he used his position of authority as a way into conversation with potential sexual liaisons. Instead of protecting female victims who report crimes, he would follow up with victims as a sign of support in hopes that they would acquiesce to a sexual advancement.  When Nicholas first met with Counsel, it was suggested to have an assessment for his mental health/sexual addiction. This process was started prior to him getting arrested. He needs to participate in mental health counseling to address his sex addiction while he is incarcerated so that he can break the cycle that contributed to his criminal actions.

3. *Substance Abuse*

Nicholas first consumed alcohol at the age of 15 years old. He admits that most of his marital arguments were fueled by weekend drinking. Consuming 18 beers a weekend, every weekend, is a sign that he also needs alcohol counseling while incarcerated. He has not used any illegal or illicit drugs.

4. *Schooling and Employment Record*

Nicholas graduated from Hamilton Township High School in 2007. He played multiple sports including basketball and track. He attended Columbus State Community College and completed 22 hours of coursework with a 3.23 grade point average. Nicholas graduated from the Columbus Police Department Training Academy in June 2018.

Thereafter, Nicolas was employed by the Columbus Police Department from June 18, 2018, through April 19, 2024. During this time, he was assigned to patrol and received several public service awards. In November 2020, he received the First Aid Life-Saving Award after responding to an apartment fire in November 2019, where he helped evacuate residents from an apartment complex prior to the Columbus Division of Fire arriving on scene. He also received positive references from the PNC Bank staff where he worked special duty. He knows these

accolades now mean nothing due to his actions which have tarnished the badge forever. This permanent tarnish will last a lifetime and will serve as a constant reminder of what he did to his colleagues on the police force. He acknowledges that he perpetuates and contributed to the reason why people, especially those who are vulnerable, mistrust the police. He is hopeful that by accepting responsibility, he can at least start to make amends, and certainly understands if his victims and his former brothers-and-sisters-in-blue never forgive him.

Prior to working for Police Department, he worked at a truck center in Columbus, Ohio, where he made close to $70,000 a year. In 2015 and 2016 he was employed full-time as a Distribution Center Manager for Quad Graphics where he earned $60,000 annually. In 2014 to 2015, he was employed with Abbott Laboratories where he started as a forklift operator in 2009.

> **(a)(2) the need for the sentence imposed –**
>> **(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**
>> **(B) to afford adequate deterrence to criminal conduct;**
>> **(C) to protect the public from further crimes of the defendant; and**
>> **(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**
> **(a)(3) the kinds of sentences available;**
> **(a)(4) the kinds of sentence and the sentencing range established for –**
>> **(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines….**

In this case, Congress is said that a violation of 18 USC §1519 has a maximum sentence of 20 years, a term of supervised release not to exceed three years and a fine not to exceed $250,000, with a mandatory special assessment fee of $100 per count.

Congress also made available a sentence calculated according to the Sentencing Guidelines created by the United States Sentencing Commission. *Gall v. United States*, 552 U.S. 38, 49 (2007) (explaining that the Guidelines are the "starting point and the initial benchmark" for federal sentencing). In this case, the Guideline imprisonment range is 12 to 18 months, based on a total

6

offense level of 13 and a criminal history category of I. However, pursuant to the Plea Agreement and relevant conduct discussions, the Government agreed to a range of 18 months to 48 months. This range is what the Government deemed appropriate after expertly evaluating the evidence or lack thereof.

Defense Counsel submits that this Honorable Court should accept the Plea Agreement, and sentence Nicholas to 18 months, or a sentence on the lower end of the parties agreed-upon range. Incarceration of 18 months or a term at a lower end of the agreement will achieve the purposes and principles of sentencing set forth in §3553(a) factors. Based on Nicholas's history and characteristics, the nature and circumstances of the offense, and the available sentences, Nicholas respectfully requests this Court impose a sentence of 18 months or a term at the lower end of the agreed-upon range. Nicholas has no criminal record. He is educated and comes from a solid family. Given the unique circumstances surrounding his addiction and this offense, Nicholas's lack of prior contact with the criminal justice system, and his behavior during the pendency of this case, the appropriate punishment could be achieved through incarceration of 18 months or slightly more. This would allow Nicholas to continue his rehabilitation while continuing to pay his debt to society for betraying society's trust as a law-enforcement officer.

In light of the §3553(a) factors, the recommended sentence of Counsel would be reasonable and would satisfy §3553(a)(2) because such a sentence would reflect a just punishment for a serious offense and will afford adequate deterrence for this type of criminal conduct. Nicholas is not at risk of reoffending and will pose no danger to the public if supervised under the appropriate terms and conditions, as he has been in custody, will surrender his OPOTA certificate in order to give up his career in law enforcement. This kind of behavior can never be repeated and will never

be repeated. While Nicholas's conduct was serious, he has accepted responsibility and his own self-awareness, treatment, and community support will help him avoid any future criminal activity.

**(a)(5) any pertinent policy statement.**

Nicholas has not identified any policy statements at issue here except the resolution of disputed factors under §6A1.3 already cited.

**(a)(7) the need to provide restitution to any victims of the offense.**

As of the Final PSR, restitution information had not been provided and was "to be determined." (ECF No. 82, PSR ¶141, PageID#374).

**E.     CONCLUSION**

Defendant Nicholas Duty has accepted responsibility, he acknowledges that his actions perpetuated the vicious cycle of human trafficking,  and most importantly, he has expressed genuine remorse for his actions. A sentence of 18 months of imprisonment or a term at the lower end of the agreed-upon range would be a sufficient, but not greater than necessary sentence pursuant to 18 USC §3553(a).

Respectfully submitted,

/s/ *Mark C. Collins*
**MARK C. COLLINS (0061207)**
COLLINS & STEPHENS CO., LPA
150 E. Mound Street, Suite 308
Columbus, Ohio  43215
(614) 443-3100    (614) 413-3902-fax
mark@mcollinslaw.com

/s/ *Kaitlyn C. Stephens*
**KAITLYN C. STEPHENS (0095589)**
COLLINS & STEPHENS CO., LPA
150 E. Mound Street, Suite 308
Columbus, Ohio  43215
(614) 443-3100    (614) 413-3902-fax
kaitlyn@mcollinslaw.com
*Attorneys for Defendant Nicholas P. Duty*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 29, 2025, I electronically filed the Motion to Continue with Chief Judge Sarah D. Morrison using the CM/ECF System, which will send notification of such filing to the following: Kevin W. Kelley, Esq, and Emily Czerniejewski, Esq.

/s/ *Mark C. Collins*
**MARK C. COLLINS (0061207)**

/s/ *Kaitlyn C. Stephens*
**KAITLYN C. STEPHENS (0095589)**